UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANNETTE WASHINGTON,

    Plaintiff,

v.                                                                                                    Case No: 6:16-cv-334-Orl-28GJK

RACETRAC PETROLEUM, INC. and
DART CONTAINER CORP.,

    Defendants.
_____

## ORDER

In her Amended Complaint (Doc. 2), Plaintiff alleges that on March 23, 2015, she was injured when, after she poured a cup of coffee from a self-service coffeemaker at a store operated by Defendant Racetrac Petroleum, Inc., the bottom of the cup—which was manufactured, designed, and distributed by Defendant Dart Container Corporation—"completely dropped out causing the entire cup of sc[a]lding hot coffee to spill onto the floor and splatter all over Plaintiff's feet, ankles and legs causing severe and permanent injuries." (Doc. 2 ¶¶ 9–10). Bringing claims of strict liability, negligence, and breach of implied warranties against Racetrac and Dart, Plaintiff filed this case in state court on December 30, 2015, and Dart removed it to this Court on February 24, 2016, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (See Notice of Removal, Doc. 1).

Now before the Court is Plaintiff's Motion to Remand (Doc. 8) and Dart's Opposition (Doc. 20) to the motion. There is no dispute that the parties are of diverse citizenship, but Plaintiff and Dart disagree on whether the amount in controversy exceeds $75,000 as required for this Court to have subject-matter jurisdiction over this case. As set forth below,

Plaintiff's motion is granted, and this case will be remanded to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

District courts have original jurisdiction of civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). However, "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." Id. § 1446(c)(2)(A). "[R]emoval of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. Id. § 1446(c)(2)(B).

Here, Plaintiff's initial pleading in state court did not state a specific sum of damages but instead merely asserted damages "in excess of $15,000.00." (Compl., Doc. 1-3 at 5–17; Am. Compl., Doc. 2). In its Notice of Removal, Dart asserts that "the amount in controversy can clearly be seen to amount to over $75,000 as . . . Plaintiff claims to have sustained severe burns and significant disfigurement" and "[i]n addition, a formal demand for $200,000 was [made] on October 20, 2015." (Doc. 1 at 2). In her Motion to Remand, Plaintiff argues that her pre-suit settlement demand is insufficient to establish that the amount in controversy exceeds $75,000. The Court agrees with Plaintiff.

The only sources of information about the amount in controversy are the Amended Complaint (Doc. 2); the Notice of Removal (Doc. 1); the pre-suit demand letter (Doc. 1-1);

2

and a post-removal letter attached to Plaintiff's Motion to Remand in which Plaintiff "conced[es] that damages in this case do not exceed . . . $75,000.00," (Doc. 8-1). Considering these documents, the preponderance of the evidence does not reflect that the jurisdictional minimum is satisfied here.

Obviously, Plaintiff's post-removal letter does not support the existence of diversity jurisdiction because in it, Plaintiff disavows the notion that the amount in controversy exceeds $75,000.[1] And, in the Amended Complaint, Plaintiff asserts that she suffered "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." (Doc. 2 at 4, 6–7, 8, 20, 12, & 13). She does not quantify her damages in any way other than to demand "in excess of the sum of" $15,000.00. (Id. at 1, 5, 7, 8, 10, 12, & 13).

Defendant's Notice of Removal (Doc. 1) relies only on the fact that Plaintiff "claims to have sustained severe burns and significant disfigurement" and Plaintiff's October 20, 2015 letter (Doc. 1-1) demanding $200,000 to settle the case. The allegations of "severe burns and significant disfigurement" are too vague and speculative to support the requisite amount in controversy. Thus, the existence of subject-matter jurisdiction must stand or fall on the demand letter. That letter is dated more than two months before suit was filed and

---

[1] Although Plaintiff made her concession as to damages after Dart removed the case, post-removal "clarifications of"—rather than "changes in"—the amount in controversy are properly considered in analyzing the amount-in-controversy issue. Land Clearing Co., LLC v. Navistar, Inc., Civil Action No. 11-0645-WS-M, 2012 WL 206171, at *3 (S.D. Ala. Jan. 24, 2012). Moreover, even without consideration of this document, the preponderance of the evidence does not support the existence of diversity jurisdiction.

provides some description of Plaintiff's injuries and asserted damages. The letter states that following the incident at issue, "[a]fter an evening of home care" Plaintiff went to the emergency room with blistering burns on her feet and legs. (Doc. 1-1 at 2). She "was diagnosed with first and second degree burns with blistering, prescribed a topical cream, and was discharged with instructions to follow up with a physician." (Id.).

The letter goes on to state that in September 2015—six months after the incident—Plaintiff consulted a plastic surgeon for evaluation of her scarring. (Id.). The plastic surgeon opined that once the scars fully maturated after another nine months, Plaintiff would be a candidate for laser technology to minimize the hyperpigmentation. (Id.). The surgeon estimated a cost of $8,000 to $10,000 for that treatment, and he "further opined that even with this treatment, there would be residual deformity for years to come." (Id.). The demand letter lists Plaintiff's past medical expenses as totaling $1,507.00. (Id.).

Other than the $1,507.00 in past medical expenses and the $8,000.00 to $10,000.00 for anticipated future scar revision treatment, the damages described in the demand letter are "non-economic damages" as to which no value is assigned. (Id. at 3). The non-economic damages section of the demand letter states: that Plaintiff "has experienced painful and debilitating burns and will require scar revision treatments which will cost tens of thousands of dollars and may not provide any relief"; that Plaintiff "has been forced to live with embarrassing and unsightly scars on her legs and feet which prevent her from wearing shorts without feeling self-conscious"; and that "these scars are highly visible from a conversational distance." (Id.). The letter then demands $200,000.00 for settlement of the case. (Id. at 1 & 3).

"The weight given to settlement offers in determining the actual amount in

4

controversy will depend on the circumstances." Ortega-Pleasant v. Home Depot U.S.A., Inc., No. 15-60462-Civ., 2015 WL 3455328, at *1 (S.D. Fla. May 29, 2015). "'Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.'" Id. (alterations in original) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). "A number of courts have indicated that pre-suit demand letters (as opposed to offers to settle after the filing of the complaint) are often worthy of very little consideration." Zabic v. Cellco P'ship, Case No. 8:15-cv-2214-T-33EAJ, 2015 WL 5921851, at *3 (M.D. Fla. Oct. 9, 2015) (collecting cases).

Here, the October 20 demand letter provides detail only as to Plaintiff's past and future medical expenses, which total at most only $11,507.00—$63,493.01 below the $75,000.01 amount-in-controversy threshold. Thus, Plaintiff's non-economic damages must exceed $63,493.00 in order for diversity jurisdiction to exist. The only basis for non-economic damages described in the letter is Plaintiff's "embarrassing and unsightly scars." The claimed damages from scarring are speculative, and the Court cannot conclude that the additional damages from scarring push the amount in controversy in this case over the required minimum. The demand letter contains specific amounts for modest medical bills, but with regard to non-economic damages and as a whole, the Court concludes that the letter "[w]as an attempt at posturing for purposes of settlement negotiations." Dean v. Sears, Roebuck & Co., No. CA 13-00487-C, 2014 WL 900723, at *5 (S.D. Ala. Mar. 7, 2014). The demand letter is not sufficient to establish this Court's subject-matter

jurisdiction.

In sum, the only evidence that could possibly support an amount in controversy above $75,000 is a posturing, pre-suit demand letter, and that letter is insufficient to establish the existence of diversity jurisdiction by a preponderance of the evidence. Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the 9th Judicial Circuit, in and for Orange County, Florida, Case No. 2015-CA-11808-O.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on May __8__, 2016.

                                                  JOHN ANTOON II
                                                  United States District Judge

Copies furnished to:
Counsel of Record